IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **HEALTH INSURANCE PLAN OF GREATER NEW YORK, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **Civil Action Nos. 97-187C, 01-148C**<br>**(Judge Allegra)** |

**PLAINTIFF HEALTH INSURANCE PLAN OF GREATER NEW YORK, INC.'S MOTION TO BAR DEFENDANT'S RULE 30(b)(6) CROSS-DESIGNATIONS**

Plaintiff, Health Insurance Plan of Greater New York, Inc. ("HIP-NY"), through counsel, King, Pagano & Harrison, respectfully submits this Motion to Bar Defendant's Rule 30(b)(6) Cross-Designations.

## INTRODUCTION

Defendant seeks to admit deposition testimony of its RFCF 30(b)(6) witnesses without demonstrating its admissibility under RCFC 32(a)(4) or the Federal Rules of Evidence. Defendant simply lists its designations without providing a single explanation or justification for their admission. Since there is no basis to admit this testimony as counter-designations, the testimony is otherwise hearsay and therefore, inadmissible at trial

## FACTUAL BACKGROUND

After this Court granted HIP-NY's Motion to introduce portions of Defendant's 30(b)(6) witnesses' deposition testimony, counsel for Defendant transmitted to counsel for HIP-NY a total of fifty cross-designations on August 27, 2003. Defendant did not explain how the cross-designated testimony related to that already designated by HIP-NY. See Letter from John E.

Kosloske to Jeffrey W. King, dated August 27, 2003 ("Defendant's Designations"), HIP-NY Apps. 1-2. In response, counsel for HIP-NY wrote to counsel for Defendant and requested the following:

> Pursuant to RCFC 32(a)(4), you must indicate why these additional portions of the 30(b)(6) witnesses' deposition transcripts should, in fairness, be considered with the portions previously introduced. Accordingly, in order for us to assess your cross-designations, we need: (1) identification of the HIP-NY designations that relate to each cross-designation; and (2) an explanation of why additional portions of the deposition transcripts should be introduced at trial.

See Letter from Jeffrey W. King to John E. Kosloske, dated August 29, 2003, HIP-NY App. 3. Counsel for Defendant ignored HIP-NY's request and, to date, has not provided a response.

## ARGUMENT

### I.

### DEFENDANT MAY NOT CROSS-DESIGNATE PORTIONS OF DEPOSITION TESTIMONY ABSENT PROPER JUSTIFICATION UNDER RCFC 32(a)

Defendant's ability to introduce additional portions of RCFC 30(b)(6) deposition testimony is subject to RCFC 32(a)(4). RCFC 32(a)(4) provides, in pertinent part, that:

> [i]f only part of a deposition is offered in evidence by a party, an adverse party may require the offeror to introduce any other part which ought in fairness to be considered with the part introduced . . . .

RCFC 32(a)(4) mirrors Federal Rule of Civil Procedure 32(a)(4), which is "substantially a restatement of Federal Rule of Evidence 106." Mattocks v. Sullcraft Manufacturing Co., 78 F.R.D. 663, 669 (W.D. Pa. 1978). The principle of fairness encompassed in FRCP 32(a)(4) and FRE 106 is directly related to the doctrine of completeness. In re Pagnotti v. Lehigh Valley Coal Sale Co., 269 B.R. 326, 331 (Bank. Ct. M.D. Pa. 2001).

The proponent of cross-designated deposition testimony carries the burden to show that its cross-designations are necessary to explain, clarify or place into context testimony already admitted into evidence. See, Allgeier v. United States, 909 F.2d 869, 876 (6th Cir. 1990) (applying Federal Rule of Civil Procedure 32) (citing Jauch v. Corley, 830 F.2d 47, 50 (5th Cir. 1987); Rascon v. Hardiman, 803 F.2d 269, 277 (7th Cir. 1986)); Angelo v. Armstrong World Indus., 11 F.3d 957, 963 (10th Cir. 1993) (same); see also, Allstates Air Cargo v. United States, 42 Fed. Cl. 118, 122 (1998) (stating general rule that proponent of evidence carries burden to show admissibility). The opportunity to cross-designate is not an open invitation to place into evidence deposition testimony that does not in any way amplify or explain the designations of the original offering party.

Defendant has not met its burden of establishing that its cross-designations should, "in fairness," be considered with portions of the depositions already designated by HIP-NY and admitted into evidence. Defendant, in fact, has made absolutely no attempt to show that its cross-designations qualify for admission under RCFC 32(a). Defendant's cross-designated deposition testimony, therefore, should not be admitted into evidence at trial.

## II.

## DEFENDANT'S CROSS-DESIGNATIONS ARE NOT OTHERWISE ADMISSIBLE UNDER THE FEDERAL RULES OF EVIDENCE

Defendant's cross-designations are not relevant and constitute hearsay and, therefore, are not admissible at trial. See Fed. R. Evid. 804(b); Chemical Technology, Inc. v. United States, 1982 U.S. Cl. Ct. LEXIS 2428, *42 (April 28, 1982) (exception to the hearsay rule for prior testimony is conditioned on establishing the unavailability of the declarant). Set forth below are three examples of the cross-designations and the manner in which they violate the Federal Rules of Evidence.

Defendant cross-designates page 8, line 5 through page 9, line 5 of the deposition testimony of Debbie Root. Ms. Root was the individual designated as the RCFC 30(b)(6) witness to testify regarding a report of FEHB premiums paid by the United States Postal Service ("USPS"). Defendant attempts to introduce a portion of Ms. Root's testimony wherein Ms. Root claims she did not prepare the report produced. See Defendant's Designations, Deborah Root 8/5 – 9/5, HIP-NY App. 1. This is irrelevant inasmuch as Ms. Root was RCFC 30(b)(6) witness designated to testify on this very report. See Fed. R. Evid. 401 (2003).

Similarly, Defendant seeks the admission of potentially misleading testimony without justification. To illustrate, Defendant produced payment data for the Office of Personnel Management ("OPM") for the years 1992 through 1996 that HIP-NY contends verifies an underpayment for those years. HIP-NY did not total the payments in the OPM data or rely on those payments in making its calculation. Rather, HIP-NY used the payment data only to identify each subscriber for whom OPM listed as enrolled in HIP-NY's plan, and for whom payment was due. It then calculated the payments due for each subscriber applying the contract rates. Defendant attempts to introduce testimony that contends "catch-up" payments may not be reflected in the payment data. See Defendant's Designations, William Meyler 226/16 – 228/ 7, HIP-NY App. 1. This is not only irrelevant, but also misleading. The "catch-up" payments have nothing to do with HIP-NY's analysis since it did not use the payments, just the information regarding enrollment reflected in the data.

Finally, Defendant attempts to introduce clearly irrelevant hearsay testimony of Mr. Meyler. For example, Defendant seeks to introduce testimony concerning Mr. Meyler's conversations with an OPM attorney. Defendant's Designations, William Meyler 226/16 – 228/7, HIP-NY App. 1. This testimony does not serve to place previously introduced portions of

Mr. Meyler's testimony in context. If Defendant wants Mr. Meyler to testify as to this issue, it must call him as a witness at trial. Otherwise, this pretrial cross-designation is inadmissible under Federal Rule of Evidence 403.

## **CONCLUSION**

Defendant has not explained why additional portions of its own 30(b)(6) witnesses' deposition ought, in fairness, to be considered with those portions introduced by HIP-NY. Absent such a showing, the additional portions of Defendant's 30(b)(6) witnesses' testimony are inadmissible. Moreover, that same testimony is inadmissible under the Federal Rules of Evidence. The cross-designated additional portions of Defendant's 30(b)(6) testimony should, therefore, be barred from trial.

Respectfully submitted,

Dated: September 12, 2003

________________________________
JEFFREY W. KING
**KING, PAGANO & HARRISON**
1730 Pennsylvania Ave, N.W., Suite 900
Washington, DC 20006
(202) 371-6800
(202) 371-6770 (fax)

Counsel for Plaintiff Health Insurance Plan of Greater New York, Inc.