**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **HEALTH INSURANCE PLAN OF GREATER NEW YORK, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **Civil Action Nos. 97-187C, 01-148C**<br>**(Judge Allegra)** |

**JOINT REPORT REGARDING DAMAGES**

The Parties, pursuant to this Court's August 31, 2004 Opinion and Order, jointly submit this report identifying the portions of the damages that are attributable to the respective interest periods:

| Claim Period | Year | Underpayments |
|---|---|---|
| **1990-1994 (Interest from January 14, 1997)** | 1990 | $1,639,229 |
| | 1991 | $1,342,952 |
| | 1992 | $2,303,647 |
| | 1993 | $1,759,561 |
| | 1994 | $ 768,894 |
| | **Total (1990-1994)** | **$7,814,283** |
| **1995-1996 (Interest from February 15, 2001)** | 1995 | $ 982,069 |
| | 1996 | $ 331,828 |
| | **Total (1995-1996)** | **$1,313,897** |

The Parties do not agree on the application of interest to the contingency reserve fund damages. Accordingly, set forth below is a brief statement from each party explaining their respective position.

**A. <u>Plaintiff's Position</u>**

Plaintiff contends interest is due on the administrative and contingency reserve damages to make it whole. The contingency reserve funds have been, and continue to be, deposited in an interest bearing account. <u>See</u> 5 U.S.C. § 8909 (c). In fact, the fund is defined to include these distinct payments: (1) the three percent deposit; (2) the unused portion of the one percent administrative fee; and (3) "interest earned on monies held in the FEHB fund . . . ." DX 113-3 (1990 Reconciliation Instructions for Community-Rated Plans). As a result, Defendant's failure to pay all premiums due deprived Plaintiff's administrative and contingency reserve funds of all sums that should have been deposited, including all interest that would have accrued on these sums from 1990 to the present.

Contrary to Defendant's interpretation that the Court's Order allowed interest only on the unpaid premiums, the August 31, 2004 Opinion held that, "consistent with the applicable statute and regulations, appropriate adjustments must be made to the OPM administration reserve account and to HIP-NY's contingency reserve account." August 31, 2004 Opinion at p. 23. The Court ordered *appropriate adjustments*, which includes all sums Defendant should have deposited into the administrative and contingency reserve funds. As set forth in Defendant's Reconciliation Instructions, this adjustment must include "interest earned on the monies held in the FEHB fund . . . ." DX 113-3 (1990 Reconciliation Instructions for Community-Rated Plans).

Interest should be calculated from the date the contingency reserve payments should have been deposited into the contingency reserve fund. To calculate interest, Plaintiff proposes using

the Office of Personnel Management's ("OPM") method of calculating the interest due in audits. Specifically, interest is calculated from July 1 of the year when payment was due under the premise that half the underpaid contingency reserve funds were due in the first half of the year and half were due in the second part of the year. To illustrate, interest that is due for the 1990 contingency reserve fund deposit should be calculated from July 1, 1990 to the date of payment. At a minimum, interest should be calculated from the date each claim was filed, that is, January 14, 1997 for years 1990 to 1994 and February 15, 2001 for 1995 and 1996.

**B. Defendant's Position**

Defendant agrees that, for purposes of calculating interest under the Contract Disputes Act (CDA) associated with the premium underpayment claim for contract years 1990-1996, $7,814,283 of the $9,128,180 of additional premium dollars found by the Court are attributable to the interest period beginning on January 14, 1997, and $1,313,897 of the $9,128,180 of additional premium dollars found by the Court are attributable to the interest period beginning on February 15, 2001.

Plaintiff contends that "interest should be calculated from the date the contingency reserve payments should have been deposited into the contingency reserve fund" and it proposes that the "[OPM] method of calculating the interest due in audits" be used to compute such interest. Insofar as an award of interest is concerned, the Court only determined that interest would be assessed upon the amount of "the additional premium dollars" found by the Court, i.e., $9,128,180. See August 31, 2004 Opinion, at 23. Regarding plaintiff's contingency reserve claim, the Court did not award plaintiff any damages, but entered declaratory relief that "consistent with the applicable statute and regulations, appropriate adjustments must be made to the OPM administrative reserve account and to HIP-NY's contingency reserve account." Id.

The statutory basis upon which plaintiff relies for an award of interest upon its contingency reserve claim is not the CDA, which only provides for interest "on amounts found due contractors," 41 U.S.C. § 611, but rather 5 U.S.C. § 8909(c), which provides: "The Secretary of the Treasury may invest and reinvest any of the money in the [Employees Health Benefits Fund] in interest-bearing obligations of the United States, and may sell these obligations for the purposes of the Fund. The interest on and the proceeds from the sale of these obligations become a part of the Fund." It is defendant's position that section 8909(c) does not require or authorize, expressly or by implication, an award of interest upon the adjustments to the OPM administrative reserve and plaintiff's contingency reserve account that are the subject of the Court's declaratory relief. Section 8909(c) does not waive the sovereign immunity of the United States from an award of interest.

The Parties jointly submit and agree upon the allocation of the judgment pursuant to the Court's Order, but reserve all rights to otherwise contest the Court's August 31, 2004 Opinion and Order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Rm 8012
Washington, D.C. 20530
Tele: (202) 307-0282

Attorneys for Defendant

Dated: September 20, 2004

/s/ Jeffrey W. King
JEFFREY W. KING, ESQ.
King, Pagano & Harrison
1730 Pennsylvania Avenue, N.W.
Suite 900
Washington, D.C. 20006
Tele: (202) 371-6800

Attorney for Plaintiff

Dated: September 20, 2004

**CERTIFICATE OF FILING**

I hereby certify that on September 20, 2004, a copy of foregoing JOINT REPORT REGARDING DAMAGES was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/
Andrew B. Dahlinghaus